UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ELLEN DELGADO,**
*on behalf of herself and all others similarly situated,*

    Plaintiff,

v.

**COLLECTO, INC. D/B/A EOS/CCA,**

    Defendant.

**Case No.**

**JURY TRIAL REQUESTED**

---

## CLASS COMPLAINT

---

Respectfully submitted by:  /s/ *Ryan C. Hasanbasic*

Paul R. Fowkes, Esq.
Fla. Bar No. 723886
pfowkes@DFHlawfirm.com
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
rhasanbasic@DFHlawfirm.com
**DISPARTI FOWKES & HASANBASIC, P.A.**
2203 North Lois Avenue, Suite 830
Tampa, Florida 33607
(813) 221-0500
(813) 228-7077 (Facsimile)

-and-

/s/ *Roger D. Mason, II*

Roger D. Mason, II, Esq.
rmason@flautolawyer.com
Florida Bar No. 504793
Zachary A. Harrington, Esq.
zharrington@flautolawyer.com
Florida Bar No. 044104
**ROGER D. MASON, II, P.A.**
5135 West Cypress Street, Suite 102
Tampa, Florida 33607
Telephone: (813) 304-2131

Plaintiff, Ellen Delgado, by and through her undersigned counsel, and on her behalf and on behalf of those similarly situated, hereby files her Class Complaint against Defendant, Collecto, Inc. d/b/a EOS/CCA and alleges as follows:

1. This is a class action for damages for violations of the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 *et seq.* (hereinafter the "FCCPA").

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. The FCCPA was enacted to provide additional protections to Florida residents and consumers against abusive debt collection practices.

## PARTIES

4. Plaintiff, Ellen Delgado ("Plaintiff") is an individual residing in Tarpon Springs, Florida.

5. Plaintiff is a "consumer" within the meaning of Section 803 of the FDCPA and Section 559.55(2) of the FCCPA, in that she is a natural person allegedly obligated on the subject personal debt, described more specifically herein. The alleged debt that the Defendant sought to collect from her was originally incurred, if at all, for personal, family or household purposes and is therefore consumer debt within the meaning of 15 U.S.C. § 1692a(5).

6. Collecto is, upon information and belief, a Massachusetts entity authorized to conduct business in the State of Florida with its principal place of business at 700 Longwater Drive, Norwell, Massachusetts, 02061. Collecto maintains a registered agent in the State of Florida.

7. Collecto is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as one of its principal areas of business. As such, Collecto is a "debt collector" within the meaning of the FDCPA and a "person" subject to regulation under the FCCPA.

## JURISDICTION AND VENUE

8. This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arose under the FDCPA.

9. This Court should exercise Supplemental Jurisdiction over the Florida State law claims asserted herein pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District.

## STATEMENT OF FACTS

**A.     The Accounts**

11. Prior to 2012, the Plaintiff entered into an agreement with AT&T Mobility (hereinafter the "Original Creditor") to provide mobile cellular telephone service (hereinafter "the Account).

12. Plaintiff's agreement with the Original Creditor did <u>not</u> expressly authorize Plaintiff to be charged a collections fee in the amount of eighteen (18) percent (or any other percentage) of her principal amount due in the event that her account was referred to a third party for collections.

13. The Account subsequently went into arrears.

14. Thereafter, the Original Creditor transferred the Account to Collecto for collection.

15. Thereafter, Collecto sent to Plaintiff a collection letter in an attempt to collect the Account.

B.     **The Collection Fees**

16.    On February 27, 2013, Collecto drafted a collection letter to Plaintiff, which was received by Plaintiff in or around late December 2012 (the "Letter"). A true and correct copy of the Letter is attached hereto and made a part of this Complaint as ***Exhibit A***.

17.    The total amount Collecto sought included "Fees/Coll Costs" ("Collection Fee") in addition to a "principal" amount.

18.    The Collection Fee was eighteen (18) percent of the principal amount due to the Original Creditor.

19.    The Collection Fee represented Collecto's anticipated compensation for collecting the Accounts.

20.    The Collection Fee was a contingent fee agreed to by Collecto and the Original Creditor - *i.e.* the Collection Fee was a predetermined percentage of the total amount recovered for the Original Creditor (18 percent).

21.    Upon information and belief, the Letter is an example of form letters, substantially similar to thousands of letters sent to consumers in Florida by Collecto.

22.    In each instance, Collecto attempted to collect a Collection Fee based on a percentage of the principal amount due, which was not legally permitted or expressly authorized by the consumers' underlying agreement with AT&T Mobility. *See, e.g., Bradley v. Franklin Collection Service, Inc.*, 739 F.3d 606 (11th Cir. 2014).

23.    In each instance, Collecto's practice of charging a fee based on a percentage of the principal balance, when the underlying agreements between consumers and the Original Creditor did not include such a percentage-based fee, is misleading, unfair and unconscionable. *See, e.g., Bradley v. Franklin Collection Service, Inc.*, 739 F.3d 606 (11th Cir. 2014).

## CLASS ACTION ALLEGATIONS

### A. The Class

24. Plaintiff brings this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated.

25. Plaintiff proposes two classes defined as follows:

Class A (FDCPA Class)

*All consumers in the State of Florida who were sent a collection letter by the Defendant within one year prior to the initial filing of this action and was not returned undeliverable and which included a collection fee for AT&T Mobility service that is based on a percentage of the principal amount due when the consumer's agreement with AT&T Mobility did not expressly permit collection costs to be charged as a percentage of the principal amount due.*

Class B (FCCPA Class)

*All consumers in the State of Florida who were sent a collection letter by the Defendant within two years prior to the initial filing of this action and was not returned as undeliverable and in which Defendant asserted the right to a collections fee as a percentage of the principal amount due when Defendant did not have such a legal right expressly provided for in the consumer's agreement with AT&T Mobility.*

### B. Numerosity

26. The Letters are mass-mailed form letters. Therefore, the members of the Class are believed to be so numerous that joinder of all members is impractical.

27. Upon information and belief, Collecto transmits thousands of similar Letters to consumers which misrepresent the amount the consumer actually owes. In each instance, Collecto charges the consumer with an illegal and unauthorized collection fee.

28. The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from the Defendant's records.

29. Plaintiff reasonably believes that there are thousands of consumers who are members of each Class.

C. **Common Questions of Law and Fact**

30. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

31. The questions of law and fact common to the Class concern whether the Defendant's practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates Sections 807, 808 and 809 of the FDCPA.

32. The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

> a. Did the Defendant violate 15 U.S.C. §1692f(1) by attempting to collect a percentage-based collection fee not expressly authorized by the agreement creating the debt or permitted by law?
>
> b. Did Defendant violate Fla. Stat. § 559.72(9) by claiming or attempting to enforce collections fees when Defendant knew that the fees were not legitimate, or by asserting the right to collect such fees when Defendant knew that it did not have such a right.

D. **Typicality**

33. Plaintiff's claims are typical of the claims of the Class members' since each of the claims arises from receipt of a letter substantially similar to the Letter in which Collecto charges an illegal collection fee.

E. **Protecting the Interests of the Class Members**

34. Plaintiff will fairly and adequately represent the Class members' interests, all of whom are victims of the Defendant's unlawful and wrongful conduct.

6

35. All of the Class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

36. Plaintiff has retained counsel experienced in class action litigation and FDCPA and FCCPA claims and who stand ready, willing and able to represent the Class.

F. **Proceeding Via Class Action is Superior and Advisable**

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

38. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

39. The members of the Class are generally unsophisticated individual consumers, whose rights will not be vindicated in the absence of a class action.

40. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the Court and the litigants and promotes consistency and efficiency of adjudication. There will be no manageability problems with prosecuting the claims as a class action.

41. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

42. The amount of money at issue is such that proceeding by way of a class action is the most economical and sensible manner in which to vindicate the injuries sustained by the Plaintiff and the other members of the Class.

**COUNT I**
**Violations of FDCPA**
**Section 807(2), 15 U.S.C. § 1692e(2) by**
<u>**Use of Deception to Collect a Debt**</u>

**(Plaintiff, Class A, and Class C vs. Defendant)**

43. Each and every allegation contained in paragraphs 1 through 42 of this Complaint is repeated, realleged and incorporated herein by reference.

44. FDCPA Section 808, 15 U.S.C. § 1692f, provides in relevant part:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> \*\*\*\*
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

45. The acts and practices complained of herein constitute the use of unfair and unconscionable means to collect or attempt to collect a debt.

46. By virtue of the foregoing, the Plaintiff is entitled to recover damages as prayed for herein.

WHEREFORE, Plaintiff and the Class request that the Court enter judgment in their favor for:

     i. Certification of this matter to proceed as a class action;

     ii. The maximum amount of statutory damages pursuant to 15 U.S.C. § 1692k for each class member;

     iii. Attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

     iv. For such other and further relief as the Court deems just and proper.

**COUNT II**
**Violations of FCCPA**
**Deceptive Practices And Acts**

47.     Each and every allegation contained in paragraphs 1 through 42 of this Complaint is repeated, realleged and incorporated herein by reference.

48.     Fla. Stat. 559.72(9) of the FCCPA provides in relevant part:

> **In collecting consumer debts, no person shall: . . .**
>
> ****
>
> **(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.**

49.     The acts and practices complained of herein constitute claims or attempts by Defendant to enforce collections fees as a percentage of the principal amount due when Defendant knew that the consumers' underlying contracts with the Original Creditor did not authorize such a collections fee.

50.     Further, the acts and practices complained of herein constitute assertions by Defendant of the right to collect fees as a percentage of the principal amount due when Defendant knew that it did not have such a right as expressly provided in the contract with the Original Creditor.

51.     By virtue of the foregoing, Plaintiffs are entitled to recover damages as prayed for herein.

WHEREFORE, Plaintiff and the Class request that the Court enter judgment in their favor for:

  i.     Certification of this matter to proceed as a class action;

ii. The maximum amount of statutory damages pursuant to Section 559.77, Florida Statutes for each class member;

iii. Attorneys' fees, litigation expenses and costs pursuant to Section 559.77(2), Florida Statutes; and

iv. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all issues so triable.

**Dated:** **February 26, 2014**

Respectfully submitted by:

/s/ *Ryan C. Hasanbasic*

Paul R. Fowkes, Esq.
Fla. Bar No. 723886
pfowkes@DFHlawfirm.com
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
rhasanbasic@DFHlawfirm.com
**DISPARTI FOWKES & HASANBASIC, P.A.**
2203 North Lois Avenue, Suite 830
Tampa, Florida 33607
(813) 221-0500
(813) 228-7077 (Facsimile)

-and-

/s/ *Roger D. Mason, II*

Roger D. Mason, II, Esq.
rmason@flautolawyer.com
Florida Bar No. 504793
Zachary A. Harrington, Esq.
zharrington@flautolawyer.com
Florida Bar No. 044104
**ROGER D. MASON, II, P.A.**
5135 West Cypress Street, Suite 102
Tampa, Florida 33607
Telephone: (813) 304-2131