UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLEN DELGADO,

    Plaintiff,
v.                       Case No. 8:14-cv-494-T-33AEP

COLLECTO, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Collecto, Inc.'s Motion to Dismiss for Lack of Jurisdiction, (Doc. # 15) which was filed on March 6, 2014. Plaintiff Ellen Delgado filed a Response in Opposition to the Motion (Doc. # 16) on March 24, 2014. With leave of Court, Collecto filed a Reply Memorandum (Doc. # 19) on April 2, 2014. For the reasons stated at the hearing held on May 30, 2014, and for the reasons that follow, the Court grants the Motion.

**I.**    **Background**

   **A. Delgado I**

On September 30, 2013, Delgado filed a putative class action complaint against Collecto alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, et. seq. filed under case number 8:13-cv-2511-

T-33TBM ("Delgado I"). The complaint was predicated upon Collecto's transmission of a debt collection letter to Delgado dated February 27, 2013. See Delgado v. Collecto Inc., No. 8:13-cv-2511-T-33TBM, 2013 WL 6332748 (M.D. Fla. Dec. 6, 2013).

Collecto filed an answer on October 21, 2013. (Delgado I Doc. # 4). Collecto then filed a motion to dismiss for lack of jurisdiction on November 7, 2013, asserting that the action was rendered moot on November 6, 2013, when Collecto tendered to Delgado an offer of judgment under Rule 68 in the amount of $2,001.00, plus attorney's fees and costs. (Delgado I Doc. # 13). In seeking dismissal, Collecto argued that it had offered full relief to Delgado since the offer of judgment exceeded Delgado's statutory maximum recovery, consented to a judgment being entered against Collecto, and provided for an award of fees and costs to Delgado. (Id.) Delgado rejected the offer of judgment. (Id.)

Following oral argument, the Court entered an Order granting Collecto's Motion to Dismiss. (Delgado I Doc. # 21). The Court ruled that:

> After hearing from the parties, the Court determines that Delgado no longer maintains a personal stake in this action. The Rule 68 offer of judgment tendered by Collecto offered her full

2

>relief, and her counsel candidly conceded this point during oral argument.
>. . . [T]he court determines that Delgado's personal stake in this action was eliminated by Collecto's full and complete offer of judgment, and that such offer of judgment rendered Delgado's Complaint moot. . . . Thus, the Court dismisses this action based on the lack of an Article III case or controversy after finding that the case is now moot.

(Id.).

In reaching its mootness determination, the Court in Delgado I relied upon Jeffrey M. Stein, D.D.S. v. Buccaneers Limited Partnership, No. 8:13-cv-2136-T-23AEP ("Stein"), in which the court faced a similar mootness quandary.  There, the plaintiffs filed a putative class action claiming that the defendant violated the Telephone Consumer Protection Act. Prior to filing the motion for class certification, the defendant submitted an offer of judgment to each plaintiff offering the full amount that each plaintiff could possibly obtain in the suit. Thereafter, the defendant moved to dismiss the suit for lack of jurisdiction based on mootness, and the plaintiffs subsequently moved for class certification. The court denied the motion for class certification as "a hastily fashioned attempt to preserve a case or controversy" (Stein Doc. # 12) and granted the motion to dismiss. (Stein Doc. # 27). In assessing whether the individual plaintiffs

3

maintained a personal stake in the action after being served with offers of judgment, the court framed the issue as:

> Does a 'case or controversy' within the meaning of Article III of the Constitution persist after the plaintiff unilaterally refuses an offer of judgment from the defendant to recover the maximum relief available under the law for the wrong alleged?

(Id. at 4). The Court answered the question with a resounding "no." (Id.).

This Court further relied upon Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523 (2013), in finding that Delgado's stake in the action was relinquished when she rejected the offer of judgment in Delgado I. The Genesis Court explained:

> Article III, § 2, of the Constitution limits the jurisdiction of federal courts to Cases and Controversies, which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies. In order to invoke federal court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action.

Id. at 1528.

A corollary to the case or controversy requirement is that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during the

4

litigation, the action can no longer proceed and must be dismissed as moot. Genesis, 133 S. Ct. at 1528. Accordingly, the Court dismissed the complaint in Delgado I on mootness grounds.

### B. Delgado II

On February 27, 2014, Delgado filed the instant putative class action Complaint alleging that Collecto violated the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act ("Delgado II"), by sending the February 27, 2013, debt collection letter to Delgado. (Doc. # 1). Delgado filed a motion for class certification in conjunction with the Complaint. (Doc. # 3).

On March 6, 2014, Collecto filed the relevant Motion to Dismiss For Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), which is ripe for the Court's review. (Doc. # 15). The Court conducted oral argument on this matter on May 30, 2014. (Doc. # 27).

## II. Legal Standard

### A. Rule 12(b)(1)

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When, as in the

instant case, the jurisdictional attack is factual, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982).

The Eleventh Circuit has held that:

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (internal citation omitted).

### B. Res Judicata

Collecto argues that the Complaint must be dismissed under the doctrine of res judicata. While res judicata is an affirmative defense under Rule 8(c), the court can dismiss on res judicata grounds at the pleadings stage "in the interest of judicial economy where both actions were brought before the same court." Boone v. Kurtz, 617 F.2d 435, 436 (5th Cir. 1980).

A claim is barred under the doctrine of res judicata by prior litigation when "(1) there is a final judgment on the

merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). "Res judicata acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356-57 (11th Cir. 1998)(internal citations omitted).

Neither party contests the existence of the second and third elements. In addition, at oral argument, Delgado's counsel conceded that the same cause of action exists in both Delgado I and Delgado II, satisfying the fourth element of res judicata. Although the Court ultimately dismisses the action based on the mootness doctrine, not res judicata, in order to fully and completely address the issues presented, the Court will address the parties' contentions regarding whether element one has been satisfied. The Court's analysis of this element, which addresses whether there was a final judgment on the merits in Delgado I, leads to the conclusion that application of res judicata is inappropriate in this action.

III. **Analysis**

   A. **Final Judgment on the Merits**

The Supreme Court has held that "the principles of res judicata apply to questions of jurisdiction as well as to other issues." Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n, 455 U.S. 691, 706 (1982)(internal citations omitted). Furthermore, the Supreme Court has stated that "a final determination of lack of subject matter jurisdiction of a case in federal court, of course, precludes further adjudication of it" and "a judgment rendered in a case in which it was ultimately concluded that the District Court was without jurisdiction [i]s nonetheless res judicata on [a] collateral attack made by one of the parties." Willy v. Coastal Corp., 503 U.S. 131, 137 (1992); Chicot Cnty. Drainage Dist. v. Baxter State Bank, 308 U.S. 371 (1940).

The Supreme Court has also held that the "principles of res judicata apply to jurisdictional determinations-both subject matter and personal." See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9 (1982)("A party that has had an opportunity to litigate the question of subject matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse

8

judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations.").

The Eleventh Circuit stated in North Georgia Electric Membership Corp. v. City of Calhoun, 989 F.2d 429, 433 (11th Cir. 1993), "Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." Id. (citing Boone, 617 F.2d at 436). The Eleventh Circuit has further noted that "standing may not be relitigated" and a "valid final judgment for lack of jurisdiction or improper venue does not bar relitigation of the claim, but does bar relitigation of the issues actually litigated." N. Ga. Elec. Membership Corp., 989 F.2d at 433 (internal citations omitted); see also Fumbah v. United States AG, 205 F. App'x 808, 809 (11th Cir. 2006) ("A dismissal for lack of subject matter jurisdiction is not an adjudication on the merits that would give rise to a viable res judicata defense. However, a dismissal for lack of jurisdiction does adjudicate the court's jurisdiction, and a second action cannot command a second consideration of the same jurisdictional claims.").

9

Delgado points to the Eleventh Circuit's holding in Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1188 (11th Cir. 2003), that a dismissal for lack of subject matter jurisdiction is not an adjudication of the merits for res judicata purposes. See also Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d 1514, 1518 (11th Cir. 1996)(where the court found only that the National Association of Securities Dealers lacked jurisdiction over Sewell's claims, and therefore the doctrine of res judicata would not bar Sewell from bringing the same claims in a Florida court). In light of the Davila and Sewell cases, the Court finds it inappropriate to apply res judicata to bar the instant case.

Nevertheless, the Court finds that the Complaint is moot. Delgado relinquished her personal stake in this action, and in any action based on the February 27, 2013, debt collection letter, when she rejected Collecto's offer of judgment for the full amount that she could ever obtain in a suit based on the transmission of the letter under the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act in Delgado I. The fact that Delgado filed a subsequent lawsuit based on the same February 27, 2013, debt collection letter alleging a violation of the same

10

statutes does not circumnavigate the Court's mootness determination in Delgado I. The Court does not need to employ the doctrine of res judicata to dismiss the action. There is no case or controversy here because Delgado has no personal stake in this action. If Delgado I is moot, Delgado II (predicated upon the same facts and raising the same claims) is also moot.

In reaching its present mootness determination, the Court also relies on Rand v. Monsanto, 926 F.2d 596, 598 (7th Cir. 1991)("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."). The court's discussion in Greisz v. Household Bank (Illinois), N.A., 176 F.3d 1012, 1015 (7th Cir. 1999) is also instructive. There, the court explained:

> [plaintiff's] lawyer may have thought that he had something to gain by pressing on -— additional attorney's fees. But if that is what he thought, he was mistaken. Once a party has won his suit and obtained the attorney's fees that were reasonably expended on winning, additional attorney's fees would not have been *reasonably* incurred. So by spurning the defendant's offer, [counsel] shot both himself and his client in the foot. He lost his claim to attorney's fees by turning down the defendant's offer to pay them, and Greisz [the client] lost $1,200.

11

Greisz, 176 F.3d at 105.

Here, Delgado lost outright when she rejected an offer of judgment for the full amount that she could have ever recovered on the basis of the relevant debt collection letter Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act case. The Court sees no basis to allow Delgado to start anew with a different complaint based on the same letter and claiming a violation of Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act. Delgado cannot "evade the Court's prior order merely by re-arranging the deck chairs on the same ship, and then re-launching it." Richards v. Ayusman Sen, 825 F. Supp. 2d 1259, 1262 (S.D. Fla. 2010).

### B. Bradley v. Franklin Collection Services, Inc.

The Court also takes the opportunity to address Delgado's assertion that the Complaint in Delgado II raises a different cause of action than that which was asserted in Delgado I, thus reinvigorating her claims. Delgado is correct that, between the time that Delgado I was dismissed and Delgado II was filed, the Eleventh Circuit issued a ruling in Bradley v. Franklin Collection Service, Inc., 739 F.3d 606 (11th Cir. 2014), holding in the context of a Fair Debt Collection Practices Act case that a collection fee was really

12

liquidated damages rather than the actual cost of collection. Delgado claims that this ruling is "directly on point with the factual claims asserted in Delgado II." (Doc. # 16 at 2-3). In Bradley, the plaintiff agreed to pay "all costs of collection" in the event the he failed to pay his medical bill. Bradley, 739 F.3d at 609. The court held that Franklin Collection Service violated the Fair Debt Collection Practices Act when it collected from Bradley a collection fee that did not "bear any correlation to the *actual* cost of Franklin's collection effort." Id. at 610. (emphasis in original).

However, even if Delgado were permitted to raise new Fair Debt Collection Practices Act claims under Bradley, Collecto correctly argues that the ruling in Bradley does not alter the fact that Collecto's offer of judgment in Delgado I fully satisfied any and all of Delgado's potential Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act claims related to Collecto's collection efforts. (Doc. # 15 at 9). In Bishop v. I.C. System, Inc., 713 F. Supp. 2d 1361, 1368 (M.D. Fla. 2010), the court explained that "Section 1692k [of the Fair Debt Collection Practices Act] allows a court to award a maximum of $1,000 in statutory damages per lawsuit, regardless of how many times

13

a defendant violates the FDCPA." Thus, this Court finds that the <u>Bradley</u> decision does not revive Delgado's deficient standing to pursue her claim against Collecto, since Collecto's offer of judgment in Delgado I mooted any potential claims Delgado had under the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act.

Based on the foregoing, the Court determines that it is appropriate to grant the Motion to Dismiss for Lack of Jurisdiction.

Accordingly, it is hereby

**ORDERED, ADJUDED,** and **DECREED:**

(1) Defendant Collecto, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Doc. # 15) is **GRANTED**.

(2) This case is dismissed for lack of subject matter jurisdiction.

(3) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>5th</u> day of June, 2014.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Counsel of Record